IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA HENDRICKSON,

    Plaintiff,

  v.                                                                                                                  2:17-cv-00502-LF

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,

    Defendant.

## MEMORANDUM ORDER AND OPINION

THIS MATTER comes before the Court on plaintiff Maria Hendrickson's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (Doc. 17), which was fully briefed on January 23, 2018. Docs. 20, 21, 22. The parties consented to my entering final judgment in this case. Docs. 6, 8, 9. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Appeals Council erroneously rejected additional evidence submitted by Ms. Hendrickson. The Court therefore GRANTS Ms. Hendrickson's motion and remands this case to the Commissioner for proceedings consistent with this opinion.

**I.    Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's

---

[1] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981, as it is in this case.

decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III. Background and Procedural History

Ms. Hendrickson, currently age 61, dropped out of school after the tenth grade and worked as a cashier, at a call center, and as a school custodian. AR 40–42, 165, 194.[3] She filed an application for disability insurance benefits on December 2, 2013, alleging disability since August 9, 2013 due to a massive rotator cuff tear in her right shoulder, arrhythmia, and high blood pressure. AR 165, 193. The Social Security Administration ("SSA") denied her claim initially on November 27, 2013. AR 93–98. The SSA denied her claims on reconsideration on August 28, 2014. AR 100–06. Ms. Hendrickson requested a hearing before an ALJ. AR 107–

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] Document 12-1 is the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

08. On December 10, 2015, ALJ Eric Weiss held a hearing. AR 35–64. ALJ Weiss issued his unfavorable decision on January 21, 2016. AR 18–34.

The ALJ found that Ms. Hendrickson was insured for disability benefits through December 31, 2018. AR 23. At step one, the ALJ found that Ms. Hendrickson had not engaged in substantial, gainful activity since August 9, 2013, her alleged onset date. *Id*. Because Ms. Hendrickson had not engaged in substantial gainful activity for at least twelve months, the ALJ proceeded to step two. *Id*. At step two, the ALJ found that Ms. Hendrickson had the following severe impairments: bilateral rotator cuff tears, status post-surgery; cervical degenerative change with broad-based disc bulge at C5-C6; moderate central stenosis; and right carpal tunnel syndrome. *Id*. The ALJ found the following impairments to be non-severe: "horizontal fracture of the humeral head; hypertension; cardiac arrhythmia; right knee osteoarthritis; sciatica; obstructive sleep apnea (OSA); diabetes mellitus; obesity; right plantar calcaneal spur." AR 23–24. At step three, the ALJ found that none of Ms. Hendrickson's impairments, alone or in combination, met or medically equaled a Listing. AR 24–25. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Ms. Hendrickson's RFC. AR 25–28. The ALJ found that Ms. Hendrickson had the RFC to perform light work

> except the claimant is able to lift 20 pounds occasionally and lift and carry 10 pounds frequently with the left upper extremity; however, able to lift only 10 pounds occasionally and lift and carry less than 10 pounds frequently with the right upper extremity, and push and pull only 10 pounds occasionally with bilateral upper extremities. She is able to walk and stand for 6 hours per 8 hour workday and sit for 6 hour[s] per 8 hour workday with normal breaks. Never able to climb ladders, ropes and scaffolds. Able to occasionally stoop and crouch. Able to occasionally reach overhead with the non-dominant left upper extremity and never any overhead reaching with the dominant right upper extremity. Able to frequently finger with the dominant right upper extremity. Must avoid more than occasional exposure to unprotected heights and moving machinery.

AR 25.

At step four, the ALJ concluded that Ms. Hendrickson was able to perform her past relevant work as an order clerk, and therefore was not disabled. AR 28. The ALJ alternatively concluded that Ms. Hendrickson was not disabled at step five, concluding that she still could perform jobs that exist in significant numbers in the national economy—such as credit card clerk, receptionist, and information clerk. AR 29.

Ms. Hendrickson requested review by the Appeals Council, and submitted additional evidence. AR 2, 5, 15–16. The Appeals Council accepted part of the additional evidence—a brief from Ms. Hendrickson's prior counsel—and made it part of the record. AR 5, 258. The Appeals Council rejected the other part of the additional evidence—a medical source statement from Dr. John Anderson—after finding that it was not chronologically pertinent. AR 2, 7–8. The Appeals Council denied Ms. Hendrickson's request for review on March 3, 2017. AR 1–6. Ms. Hendrickson timely filed her appeal to this Court on April 28, 2017. Doc. 1.

### IV. Ms. Hendrickson's Claims

Ms. Hendrickson raises three arguments for reversing and remanding this case: (1) the Appeals Council committed legal error in determining that the additional evidence she submitted—the opinion of Dr. John Anderson dated February 26, 2016—did not constitute new, material, and chronologically pertinent evidence; (2) the RFC is not supported by substantial evidence because the ALJ failed to account for the limiting effects of pain on her ability to maintain attention and concentration; (3) the ALJ failed to resolve a discrepancy between the vocational expert's testimony and the Dictionary of Occupational Titles. Doc. 17 at 12–24. Because the Court remands based on the Appeal's Council's erroneous rejection of Dr. Anderson's opinion, the Court does not address the other alleged errors, which "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## V. Analysis

The ALJ issued his decision on January 21, 2016. AR 18–34. On February 9, 2016, Ms. Hendrickson sent a letter to the SSA requesting review of the ALJ's decision by the Appeals Council, and stating that that she intended to submit new evidence. AR 15–16. Ms. Hendrickson submitted a Medical Assessment of Ability to do Work-Related Activities (Physical and Non-Physical) signed by Dr. John Anderson on February 26, 2016. AR 7–8. The form instructed Dr. Anderson to consider the "patient's medical history and the chronicity of findings as from <u>one year prior to initial visit to current examination</u>." AR 7 (emphasis in original). Dr. Anderson opined that Ms. Hendrickson was unable to "maintain physical effort for long periods without a need to decrease activity or pace, or to rest intermittently because of pain." AR 7. He further opined that she had the following physical limitations:

- able to only occasionally lift and/or carry less than 10 pounds due to her limited "ability to reach and ambulate and get off/on chair";
- able to stand and/or walk less than 2 hours in an 8-hour workday due to "arthritis on clinical exam and x-ray";
- able to sit less than 4 hours in an 8-hour workday due "amount of arthritis on clinical and radiographic exam";
- limited ability to push and pull with lower extremities due to limited "range of motion [in] ankle [and] foot due to OA and pain";
- able to only occasionally kneel and stoop due to "stiffness [and decreased] ROM [in] foot/ankle/lower ext[remity]";

*Id*. Dr. Anderson also stated that Ms. Hendrickson suffered from severe pain and fatigue. AR 8. He indicated that "most of [his] exams and treatments relate to lower extremity." AR 8.

The Appeals Council rejected the medical source statement from Dr. Anderson:

We also looked at the medical source Statement from Dr. John Anderson, dated February 26, 2016 (2 pages). The Administrative Law Judge decided your case through January 21, 2016. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before January 21, 2016.

AR 2. This indicates that the Appeals Council did not consider the substance of the new evidence when it denied review of Ms. Hendrickson's claim. *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (unpublished) (finding that the Appeals Council's dismissal of the additional evidence's import on the grounds that it was not temporally relevant indicates that it ultimately found the evidence did not qualify for consideration at all).

Ms. Hendrickson argues that the Appeals Council erred in rejecting Dr. Anderson's opinion. Doc. 17 at 12–15. She argues that Dr. Anderson's opinion is "new, material, and chronologically pertinent," and that the Appeals Council was therefore required to consider it. *Id*. The Commissioner concedes that Dr. Anderson's opinion is new, but argues that the opinion is neither material nor chronologically pertinent, and that, therefore, the Appeals Council did not err in rejecting it. Doc. 20 at 15–16. For the reasons explained below, I agree with Ms. Hendrickson.

The Appeals Council will consider additional evidence if "the claimant submits additional evidence that is new, material, and related to the period on or before the date of the ALJ decision." 20 C.F.R. § 404.970(b) (eff. to Jan. 16, 2017); *see also Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (holding that under 20 C.F.R. § 404.970(b), the Appeals Council must consider evidence submitted with a request for review if it is new, material, and related to the period on or before the date of the ALJ's decision).

> Additional evidence is new if it is not part of the claim(s) file as of the date of the hearing decision.
>
> Additional evidence is material if it is relevant, i.e., involves or is directly related to issues adjudicated by the ALJ.
>
> Additional evidence relates to the period on or before the date of the hearing decision if the evidence is dated on or before the date of the hearing decision, or the evidence post-dates the hearing decision but is reasonably related to the time period adjudicated in the hearing decision.

7

> NOTE: The AC does not apply a strict deadline when determining whether post-dated evidence relates to the period on or before the date of the hearing decision. There are circumstances when evidence dated after the hearing decision relates to the period on or before the date of the hearing decision. For example, a statement may relate to the period on or before the date of the hearing decision when it postdates the decision but makes a direct reference to the time period adjudicated in the hearing decision. This may be especially important in a claim involving an expired date last insured (DLI) when a statement from a medical source dated after the hearing decision specifically addresses the time period before the DLI.

Commissioner's Hearings, Appeals and Litigation Manual ("HALLEX") I-3-3-6(B)(2); *see also Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (affirming that evidence is new if it is not duplicative or cumulative, and is material if there is a reasonable possibility it could change the outcome). The Tenth Circuit repeatedly has held that whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review." *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011) (quoting *Threet*, 353 F.3d at 1191) (citing *Chambers*, 389 F.3d at 1142).

> If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision. If the evidence does qualify and the Appeals Council considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard. Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings.

*Chambers*, 389 F.3d at 1142 (internal citations and quotations omitted). "[O]ur general rule of *de novo* review permits us to resolve the matter and remand if the Appeals Council erroneously rejected the evidence." *Krauser*, 638 F.3d at 1328 (citing *Chambers*, 389 F.3d at 1142). Thus, the question before the Court; *i.e.,* whether the Appeals Council should have considered the medical source statements in Ms. Hendrickson's request for review, is a question of law subject to the Court's *de novo* review. *Threet*, 353 F.3d at 1191. And, although the Appeals Council

rejected the newly submitted evidence on the ground that it was not related to the relevant time period, the Court addresses all three criteria as part of its *de novo* review.

First, the Commissioner concedes that the medical source statement from Dr. Anderson is new evidence. "Evidence is new within the meaning of [404.970(b) and 416.1470(b)] if it is not duplicative or cumulative." *Threet*, 353 F.3d at 1191 (citations omitted).

Second, the medical source statement from Dr. Anderson is material. Evidence is material to the determination of disability "if there is a reasonable possibility that it would have changed the outcome." *Threet*, 353 F.3d at 1191 (citation and alteration omitted). Ms. Hendrickson argues that there is a "reasonable possibility" that Dr. Anderson's opinion would have changed the outcome because Dr. Anderson's opinion was more restrictive than the RFC adopted by the ALJ. Doc. 17 at 14–15. I agree. The ALJ restricted Ms. Hendrickson to light work with the ability to lift 20 pounds occasionally, and 10 pounds frequently with the left upper extremity, AR 25, whereas Dr. Anderson opined that she could lift no more than 10 pounds occasionally, AR 7.[4] The ALJ found that Ms. Hendrickson was able to walk and stand for 6 hours per 8-hour workday, and to sit for 6 hours per 8-hour workday. AR 25 Dr. Anderson, however, found that she was able to walk and stand for less than 2 hours in an 8-hour workday, and to sit for less than 4 hours in an 8-hour workday. AR 7. Finally, at step two, the ALJ found Ms. Hendrickson's right knee arthritis and right plantar calcaneal spur to be nonsevere impairments, finding that they would "have no more than a minimal effect on her ability to work." AR 23. Dr. Anderson based the significant work limitations in his opinion on these same impairments—osteoarthritis and her foot, ankle and lower extremity conditions. AR 7–8. Thus,

---

[4] Dr. Anderson, unlike the ALJ, did not address each upper extremity separately. AR 7.

9

Dr. Anderson's opinion calls both the ALJ's RFC and step-two severity determination into question.

The Commissioner argues that there is not a "reasonable possibility" that Dr. Anderson's opinion would have changed the outcome because the record does not contain any treatment notes from Dr. Anderson. Doc. 20 at 16. The treatment relationship between a doctor and a claimant, and the supportability of a doctor's opinion are, indeed, factors an ALJ considers in deciding what weight to give an opinion. *See* 20 C.F.R. § 404.1527(c)(1)–(6) (eff. Aug. 24, 2012 to March 26, 2017); *see also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). However, possible weaknesses in these factors does not necessarily render Dr. Anderson's opinion immaterial. *See Bilton v. Colvin*, No. 13cv201-LAM, 2014 WL 12791268, at *5 (D.N.M. May 9, 2014) (reasons opinion may be "given lesser weight by the Appeals Council or the ALJ on remand" not enough to show the opinion is "immaterial"); *see also Archuleta v. Berryhill*, No. 17cv546-KRS, 2018 WL 4251774, at *2 (D.N.M. Sept. 9, 2018) ("the opinion from a treating provider that calls into question the ALJ's RFC creates at least a reasonable *possibility* of a different outcome"). There is evidence in the record that Dr. Anderson treated Ms. Hendrickson during the relevant period. Ms. Hendrickson's primary care provider sent her for an x-ray and referred her to Dr. Anderson on October 2, 2013 to follow up on her complaints of right foot pain, which was "really affecting her ability to work in a negative way." AR 530. The record also shows that on July 16, 2015, Dr. Anderson ordered bloodwork for Ms. Hendrickson. AR 575. On October 8, 2015, Dr. Anderson diagnosed Ms. Hendrickson with diabetes, diabetic neuropathy, and a foot and ankle deformity, and prescribed diabetic shoes with insoles. AR 593. Dr. Anderson also indicated in his opinion that "most of his exams and treatments" were related to Ms. Hendrickson's lower extremities, indicating that he had conducted several exams and

treatments. While some of Dr. Anderson's treatment records likely are missing from the record, as the Commissioner alleges, the SSA can request these records on remand to determine what weight to assign to Dr. Anderson's opinion.

Third, Dr. Anderson's opinion is chronologically relevant. It is undisputed that the date on which Dr. Anderson completed the medical source statement post-dates the ALJ's decision. However, the medical source statement makes a direct reference to the time period adjudicated by the ALJ. Dr. Anderson's opinion relied on the "patient's medical history and the chronicity of findings as from <u>one year prior to the initial visit to the current examination</u>." AR 7–8. Therefore, the opinion addresses at least the period from October 8, 2014 to the date of the ALJ's decision. *See* AR 593 (showing October 8, 2015 visit to Dr. Anderson); s*ee also* HALLEX I-3-3-6(B)(2) (noting that there are circumstances when evidence dated after the ALJ decision relates to the period at issue, such as when a statement makes a direct reference to the time period adjudicated). Moreover, Dr. Anderson's opinion corroborates Ms. Hendrickson's report that she can only walk a short distance before she needs to stop and rest. AR 50, 53. Dr. Anderson's opinion also addresses the severity of Ms. Hendrickson's osteoarthritis, and her foot and ankle injuries, impairments which were before the ALJ. As in *Padilla*, "[t]he additional evidence thus relates to the time period before the ALJ's decision" because it corroborates an earlier diagnosis, and the claimant's hearing testimony. 525 F. App'x at 713. "As such, the Appeals Council should have considered the additional evidence in order to properly determine whether the ALJ's decision was supported by substantial evidence." *Id*.

The Court concludes that the Appeals Council erred in rejecting the opinion of Dr. Anderson. Dr. Anderson's opinion is new, material, and chronologically pertinent. The Court agrees with the Commissioner that agency and Court resources would "be better served if

claimants diligently submitted evidence during the period in which the ALJ is considering the case." Doc. 20 at 17. However, at the time Ms. Hendrickson submitted the new evidence, there was no requirement that a claimant show "good cause" for not submitting evidence prior to the ALJ's hearing.[5]

### VI. Conclusion

The Appeals Council erred in rejecting Dr. Anderson's opinion on the basis that it was not chronologically pertinent. On remand, Dr. Anderson's opinion should be made part of the record, and the SSA should request any additional treatment records from this provider.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 17) is GRANTED.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is REVERSED, and this case is REMANDED for further proceedings in accordance with this opinion.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent

---

[5] As of January 17, 2017, a claimant must show good cause for not informing the SSA about, or submitting, the additional evidence prior to the hearing. 20 C.F.R. § 404.970(b) (eff. Jan. 17, 2017).