IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA HENDRICKSON,

    Plaintiff,

v.                                                                                                             2:17-cv-00502-LF

ANDREW M. SAUL,[1] Commissioner
of the Social Security Administration,

    Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court on plaintiff Maria Hendrickson's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed on December 10, 2019. Doc. 27. The Commissioner responded on December 17, 2019 and takes no position on Ms. Hendrickson's request for $7,071.75 in attorney's fees under 42 U.S.C. 406(b). Doc. 28. Having reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised in the premises, I find the motion well taken and will GRANT it.

### I.    Procedural History

Ms. Hendrickson filed an application for Disability Insurance Benefits on December 2, 2013. AR 165. The Social Security Administration ("SSA") denied her claim initially on November 27, 2013. AR 93–98. The SSA denied her claims on reconsideration on August 28, 2014. AR 100–06. Ms. Hendrickson requested a hearing before an ALJ. AR 107-08. On

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration ("SSA") on June 17, 2019, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

December 10, 2015, ALJ Eric Weiss held a hearing. AR 35–64. ALJ Weiss issued his unfavorable decision on January 21, 2016. AR 18–34.

Ms. Hendrickson requested review by the Appeals Council and submitted additional evidence. AR 2, 5, 15–16. The Appeals Council denied Ms. Hendrickson's request for review on March 3, 2017. AR 1–6. Ms. Hendrickson timely filed her appeal to this Court on April 28, 2017. Doc. 1.

Ms. Hendrickson filed her Motion to Reverse and Remand for a Rehearing with Supporting Memorandum on November 9, 2017. Doc. 17. On September 28, 2018, this Court granted her motion, remanded the case, and entered a final judgment in favor of Ms. Hendrickson, finding that the Appeals Council erroneously rejected additional evidence submitted by Ms. Hendrickson. Docs. 23, 24. On December 18, 2018, Ms. Hendrickson filed a stipulated motion requesting $5,000.00 in attorney's fees under the EAJA, which the Court granted. Docs. 25, 26.

On remand, the ALJ issued a final administrative decision which was fully favorable to Ms. Hendrickson. Doc. 27-1 at 1–19. The SSA awarded Ms. Hendrickson $52,287.00[2] in back benefits. *Id*. at 17. The Commissioner withheld $13,071.75 from her past-due benefits to pay for attorney's fees. *Id*. Maria Hendrickson's attorney, Michael Armstrong, requested $6,000.00 from the SSA for the work he performed at the administrative level. Doc. 27 at 5. Mr. Armstrong now requests that he be awarded $7,071.75 as attorney's fees for legal services rendered before this Court. *Id*. at 1.

---

[2] Documents submitted by Ms. Hendrickson show that the SSA withheld 25% of her total past due benefits, or $13,071.75. Doc. 27-1 at 17. The amount of back benefits is calculated from these figures ($13,071.75 x 4 = $52,287.00).

2

## II. Standard

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court. *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both the EAJA and under § 406(b). *Id.* at 497.[3] If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant. *Id.*

Under 42 U.S.C. § 406(b)(1),

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

---

[3] The Tenth Circuit has explained:

There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case;

4

and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### III. Analysis

First, the Court finds that Mr. Armstrong requested § 406(b) fees within a reasonable time. The ALJ issued his favorable decision on August 7, 2019, and the SSA mailed Ms. Hendrickson a "Notice of Award" on September 9, 2019. Docs. 27-1 at 1–19. Mr. Armstrong filed his fee motion on December 10, 2019. The Court finds this to be a reasonable time.

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits. The Court finds that it does. Ms. Hendrickson signed a fee agreement on April 17, 2017, which states in part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .
>
> I understand that the federal court may order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA"). If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits. In no

> event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

Doc. 27-1 at 23.

Third, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, the Court finds Mr. Armstrong's requested attorney's fees reasonable. Mr. Armstrong obtained a fully favorable outcome for plaintiff, and he was not responsible for any appreciable delay in the resolution of the case. Mr. Armstrong's fee request of $7,071.75 is not disproportionately large in comparison to the amount of time spent on the case (26.9 hours, or $262.89 per hour, *see* Doc. 27 at 4, 20–22), and is in line with other awards in this district under § 406(b). Thus, the Court's independent check finds the requested award to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that the Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 27) is GRANTED. Counsel is awarded $7,071.75 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing plaintiff before this Court.

**IT IS FURTHER ORDERED** that counsel will refund to plaintiff the $5,000.00 in attorney's fees awarded under the EAJA. *See* Doc. 26.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent